IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| EDWARD KOVARI,<br>    Plaintiff,<br><br>v.<br><br>BREVARD EXTRADITIONS, LLC, et al.,<br>    Defendants. | Civil Action No. 5:18cv70<br><br>ORDER<br><br>By:   Joel C. Hoppe<br>        United States Magistrate Judge |

This matter is before the Court on Plaintiff Edward Kovari's Motion for Sanctions, ECF No. 98. For the reasons stated below, Kovari's Motion is hereby **GRANTED** in part and **DENIED** in part.

Defendants Brevard Extraditions, LLC, Prisoner Transportation Services of America, LLC, and Prisoner Transportation Services, LLC (collectively "the Defendants") are related entities that contract with state and local governments to transport prisoners across the United States. Compl. ¶¶ 12–16, ECF No. 1. Kovari alleges that Defendants subjected him to unconstitutional conditions of confinement while he was a pretrial detainee in their custody for approximately three weeks in September 2016. *See id.* ¶ 11. In this motion, Kovari seeks sanctions for Defendants' failure to timely disclose the identity of one of the drivers who transported him during that time.

On December 14, 2018, the Defendants submitted their initial disclosures naming Juan Torres, Mark Nahrstedt, Carlos Rivera, Nydia Diaz, and Pedro Cuneo as potential witnesses. *See* Defs.' Rule 26 Initial Disclosures, ECF No. 98-4. In January 2019, the Defendants listed the same names in response to Kovari's Interrogatory No. 1 asking for the names of the drivers of Kovari's transport, vehicle number 1404. *See* Defs.' Resps. to Interrogs., ECF No. 98-5; Trip Schedule, ECF No. 108-1. Kovari had also requested "[a]ll documents concerning Mr. Kovari's

1

transport" in his requests for production sent to the Defendants on November 5, 2018. *See* Pl.'s Reqs. for Produc., ECF No. 98-3. In February 2019, Kovari subpoenaed Juan Torres to appear for a deposition in Orlando, Florida on April 16, 2019. *See* Dep. Subpoena for Juan Torres, ECF No. 98-9. In March, Kovari's counsel sought to obtain emails related to the drivers of Kovari's transport before their April depositions. *See* 3/21/2019 Email from J. Cobb, ECF No. 98-7. On March 29, 2019, Defendants' counsel responded that he had the emails. *See* 3/27/2019 Email from J. Cobb, ECF No. 98-6. Kovari's counsel asked for those emails again on April 1, *see* 4/1/2019 Email from J. Liskow, ECF No. 98-8, but they were not disclosed until April 17, one day after Juan Torres's deposition, Email Production, ECF No. 98-11.

The Defendants' April 17, 2019 disclosures revealed that "Ismael Torres," not "Juan Torres," was a driver of Kovari's transport. *See* 4/24/2019 Email from J. Liskow, ECF No. 98-12. The Defendants gave Ismael Torres's contact information to Kovari on April 26, 2019. *See* 4/26/2019 Email from J. Liskow, ECF No. 98-13. On April 29, this Court modified the Scheduling Order and directed that discovery should be completed by June 7, 2019. *See* Order of Apr. 29, 2019, ECF No. 79. On May 24, Kovari requested an extension of discovery and a continuation of the trial for various reasons, including the fact that a new witness had recently been disclosed.[1] *See* Pl.'s Mot. for Extension of Time to Complete Disc. & Continue Trial, ECF No. 89. This Court granted the motion and extended the deadline for completion of discovery to ninety (90) days before the new trial date. *See* Order of June 6, 2019, ECF No. 101. On May 29, Kovari took Ismael Torres's deposition in Orlando, Florida. *See* Dep. Tr. of Ismael Torres, ECF No. 98-17. Kovari then filed his Motion for Sanctions on June 6, 2019. He seeks an order

---

[1] The jury trial was originally scheduled to begin August 19, 2019. *See* Sched. Order, ECF No. 41.

"requiring Defendants to reimburse [him] for costs and attorneys' fees expended" because of Defendants' untimely disclosure. Pl.'s Mot. Sanctions 1.

Rule 26(a) of the Federal Rules of Civil Procedure generally requires parties in a civil case, without awaiting a discovery request, to give other parties the name and contact information of any person likely to have discoverable information, among other things. Fed. R. Civ. P. 26(a) (initial disclosures). The Rule's purpose is to allow litigants "to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). Rule 37(c) provides sanctions for a party's failure to make or supplement its initial disclosures, as required by Rule 26(a) or (e). Fed. R. Civ. P. 37(c)(1). In addition to or instead of forbidding the party to use the undisclosed witness or information, the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). There are two exceptions to the imposition of sanctions under this subsection: (1) if the nondisclosure was substantially justified, or (2) if the nondisclosure was harmless. *See Brown v. Elliott*, 876 F.3d 637, 645–46 (4th Cir. 2017) (citing Fed. R. Civ. P. 37(c)(1)(A)); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) (citing Fed. R. Civ. P. 37(c)(1)). The court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless." *S. States*, 318 F.3d at 597.

A five-factor test guides courts in determining whether a party's nondisclosure was substantially justified or harmless. The factors include: (1) the surprise to the opposing party; (2) the party's ability to cure that surprise; (3) the disruption of the trial; (4) the importance of the evidence; and (5) the explanation for the nondisclosure. *Id.* at 596–97. The first four factors "relate primarily to the harmlessness exception" while the explanation for the nondisclosure

factor "relates mainly to the substantial justification exception." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017). A court is not required to explicitly consider each factor. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2015). The burden of establishing substantial justification or harmlessness lies with the party facing sanctions. *Id*.

The Defendants' failure to timely disclose Ismael Torres as one of the drivers of Kovari's transport was not harmless. Kovari was clearly surprised by the disclosure as he had never heard the name "Ismael Torres," did not know that two men named Torres worked for the Defendants at the time of his transport, and did not know that any evidence created doubts about which of the two men was involved in Kovari's transport. *See* Pl.'s Mot. Sanctions. Kovari was able to cure the surprise and take Ismael Torres's deposition in May 2019. The trial, as scheduled, was disrupted, however, because Kovari sought an extension of discovery and continuation of trial in part because the new driver witness was disclosed in April 2019. *See* Pl.'s Mot. for Extension of Time to Complete Disc. & Continue Trial 3–4; *see also Wilkins*, 751 F.3d at 222 (noting the plaintiff's late disclosure of her expert witness's report after the close of discovery disrupted the trial even though it occurred before the trial date). The Court granted the extension, and the trial was continued to April 20, 2020. *See* Order of June 6, 2019, at 1. Furthermore, the evidence is important as Kovari's allegations center on the Defendants' conduct during his transport, and the testimony of one of the drivers of that transport is relevant and important to those allegations. Although Kovari was able to take Ismael Torres's deposition before going to trial, I find that he suffered harm in the Defendants' late disclosure because he was completely surprised by the disclosure, the trial date was moved in part because of the late disclosure, and the evidence is important to his allegations. *See Columbia Gas Transmission, LLC v. Grove Ave. Developers, Inc.*, No. 2:17cv483, 2018 WL 8334947, at *2 (E.D. Va. Sept.

18, 2018) (holding that although the plaintiff's late disclosure was cured by the defendant's ability to take the deposition, it still "undoubtedly created difficulties" for the defendant and "an award of expenses . . . was appropriate").

       The Defendants' failure to timely disclose Ismael Torres's name also was not substantially justified. A party's position is "'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565–66 n.2 (1988)). The Defendants argue that they were reasonably confused as to which Mr. Torres drove Kovari's transport because they had confused the two employees in previous matters and they did not act in bad faith in disclosing Juan Torres but not Ismael Torres. *See* Defs.' Resp. in Opp'n 7, 9–12, ECF No. 105; Aff. Frank Caruso ¶¶ 4–6, ECF No. 105-1.

       The Defendants were aware of Ismael Torres and the possibility that he was a driver of Kovari's transport at least by December 2018 when the Defendants' counsel contacted him to offer representation. *See* Dep. Tr. Ismael Torres 9, 11. Ismael Torres testified that he refused counsel's offer and told him, "'It was not me. I don't recall anything about that at all. I don't know who Mr. Kovari is.'" *Id.* at 14. The Defendants' records, on the other hand, clearly indicated that Ismael Torres was the driver of vehicle 1404 (Kovari's transport), not Juan Torres. *See, e.g.*, Sept. 23 Trip Log, ECF No. 108-2 (indicating an "I" above "Torres/Rivera" in the box for officer's last name); 9/29/2016 K. Steakley Email, ECF No. 108-3 (noting "I. Torres/Rivera: V-US1404 En route to Sarita, TX" and "Garcia/J. Torres/Coleman: V-US901 @0030 vehicle breakdown . . . at Duval County, Jacksonville, FL"); 9/30/2016 K Steakley Email, ECF No. 108-4 (noting "I. Torres/Rivera: V-US1404 En route to Texarkana, AR" and "Garcia/J.

Torres/Coleman: V-US901 En route to Bartow, FL"); Expense Log, ECF No. 108-5 (naming "Torres Ismae" in connection with vehicle number 1404 between September 26 and October 1, 2016); *see also* Big Roads Data, I. Torres, ECF No. 108-7; Big Roads Data, J. Torres, ECF No. 108-8 (third party vendor's data noting that Ismael Torres was in vehicle 1404 and Juan Torres was in vehicle 901 at different locations on the same days in September 2016).

The Defendants argue that they were justified in relying on Ismael Torres's lack of recollection of an incident more than two years prior rather than on their own records. I do not find their argument persuasive because the depositions of the other confirmed drivers all revealed that they could recall little or no details about Kovari's specific transport, *see* Dep. of M. Nahrstedt 11–12, ECF No. 108-9; Dep. of N. Diaz 8, ECF No. 108-10; Dep. of C. Rivera 10, 119, ECF No. 108-11. It was not reasonable for the Defendants to rely on Ismael Torres's unilateral statements, in direct contradiction to their own records, especially when they were unable to contact Juan Torres until he was subpoenaed for his deposition to inquire about his possible involvement. *See* Aff. Frank Caruso ¶ 6.

Furthermore, I reject the Defendants' argument that they should be spared sanctions because they did not act in bad faith. Fourth Circuit precedent "does not require a finding of bad faith or callous disregard of the discovery rules" to impose sanctions under Rule 37(c)(1), *S. States*, 318 F.3d at 596, and I make no finding as to whether the Defendants' actions were in bad faith. The Defendants failure to timely disclose Ismael Torres's name was not substantially justified because the Defendants were not reasonable in their reliance upon Ismael Torres's unilateral statements in contradiction to their own records.

The Defendants' failure to disclose Ismael Torres as a driver of Kovari's transport was not harmless nor substantially justified and, therefore, Kovari is entitled to sanctions. I will,

however, limit the amount that Kovari is able to recover in costs and fees. Based on the Defendants' records clearly showing that Ismael, not Juan, Torres was a driver of Kovari's transport, I find that taking Juan Torres's deposition was unnecessary. Kovari is entitled to recover the reasonable expenses, including attorney's fees, incurred in preparing for and taking Juan's deposition. He will not be reimbursed for traveling to Orlando, however, because his attorneys were already in Orlando to take the depositions of the other drivers, including Nydia Diaz and Carlos Rivera. *See* Dep. Tr. of N. Diaz; Dep. Tr. of C. Rivera. Additionally, Kovari is entitled to recover part of his travel costs for taking Ismael Torres's deposition in Orlando, Florida. Kovari is not entitled to recover the full costs of the trip to Florida because he already planned a return to Florida to inspect one of the Defendants' vans. *See* Dep. Tr. of Ismael Torres; May 17, 2019 Email from J. Cobb, ECF No. 105-4 (scheduling the van inspection). Kovari is entitled, however, to the transportation costs between Orlando, where the deposition occurred, and Melbourne, Florida, where the van was inspected, as well as the cost of an extra night's stay in Florida. *See* May 17, 2019 Email from J. Cobb.

Accordingly, Kovari's Motion for Sanctions, ECF No. 98, is hereby **GRANTED** in part and **DENIED** in part. The Defendants will be required to pay Plaintiff's reasonable expenses and attorney's fees as outlined above as a result of Defendants' failure to timely produce and supplement their initial disclosures. Plaintiff shall submit a motion, with supporting documentation, setting forth his requested costs and fees.

It is so ORDERED.

ENTERED: January 31, 2020

Joel C. Hoppe
United States Magistrate Judge